IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:23-cr-00628 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| TONY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant, Tony Johnson's ("Defendant" or "Johnson"), motion to dismiss indictment, under Fed. R. Crim. P. 12(b)(3)(B). ECF Doc. 17. Johnson moves to dismiss Count 1, which charges him with felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8), because it is unconstitutional on its face and as applied to him. *Id.* The government opposes Johnson's motion to dismiss. ECF Doc. 18. For the following reasons, Johnson's motion to dismiss is DENIED.

Background and Procedural History

On December 6, 2023, a federal grand jury returned a four-count indictment against Johnson. ECF Doc. 1. The indictment charges him, on or about May 23, 2023, with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8) (Count 1); and three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), for methamphetamine (Count 2), cocaine (Count 3), and fentanyl (Count 4).[1] *Id.*

---

[1] The indictment contains four counts. ECF Doc. 1. In his motion, Defendant moves to dismiss only Count 1 and does not challenge Counts 2, 3, or 4. ECF Doc. 17. Accordingly, even though Defendant's motion is entitled motion to dismiss indictment, the Court construes Defendant's motion as a motion to dismiss only Count 1 of the indictment.

1

Johnson is 27 years old.  ECF Doc. 5, PageID# 16.  His first state felony conviction occurred in 2017, at age 20, when he pleaded guilty to drug trafficking with a firearm specification and drug possession while carrying a concealed weapon.  *Id.* at PageID# 18; ECF Doc. 18-1 (Cuyahoga County, Case No. CR-17-614252-A).  In July 2021, at age 24, Johnson pleaded guilty to attempted possession of a firearm while under disability.  ECF Doc. 5, PageID# 20 (Cuyahoga County, Case No. CR-20-651582-A; CR-21-659387-A); ECF Docs. 18-2; 18-3.  In August 2023, at age 26, Johnson pleaded guilty to aggravated theft and misuse of credit cards.  ECF Doc. 5, PageID# 20 (Cuyahoga County, Case No. CR-23-681463-A).

Johnson argues that 18 U.S.C. § 922(g)(1) is unconstitutional, both on its face and as applied to him.  ECF Doc. 17.  First, he argues that the government has failed to satisfy its burden "to show [that] § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation, because there is no relevant historical evidence of categorically disarming felons." *Id.* at PageID# 90.  Second, Johnson argues that the Government has failed to show a historical tradition of disarming people with criminal records who have no prior violent felony convictions, like Mr. Johnson.  *Id.* at PageID# 90-93.  Johnson relies primarily on the U.S. Supreme Court's decision, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), subsequent Fifth Circuit Court of Appeals decisions striking down §§ 922(g)(8) and (g)(3), and recent opinions from federal district courts in Mississippi, Oklahoma, Pennsylvania, Illinois, and Louisiana that have declared § 922(g)(1) unconstitutional.  *Id.* at PageID# 89.  Defendant does not cite to any Sixth Circuit precedent in support of his argument.  Finally, Johnson contends that under Ohio Revised Code § 2923.14, he is an eligible individual to petition the Court of Common Pleas to remove the prohibition "from acquiring, having, carrying, or using firearms."  R.C. § 2923.14.  And because he is purportedly eligible to remove his firearm "disability" under Ohio law, Johnson argues that

it naturally follows that federal law "may not forever bar Mr. Johnson from possession of a firearm." ECF Doc. 17, PageID# 94.

The government opposes Johnson's motion to dismiss for four reasons: (1) the Sixth Circuit has consistently held that § 922(g)(1) is constitutional; (2) § 922(g)(1) is valid because "the Second Amendment's text, history, and tradition all support the ability of Congress to disarm individuals who are not law-abiding, responsible citizens;" (3) § 922(g)(1) is valid as to Johnson "given his dangerous criminal history, which also precludes him from bringing a facial challenge;" and (4) Johnson cannot claim relief under R.C. § 2923.14 from this Court because he has not actually applied for relief under the provision.  ECF Doc. 18, PageID# 102-03.

As of the date of this opinion and order, Defendant did not file a reply.

## Law and Analysis

While of course this Court is duty-bound to follow the Supreme Court's holding in *Bruen*, there appear to be serious flaws in that opinion.  The Supreme Court has completely ignored the first half of the Second Amendment, "A well regulated Militia, being necessary to the security of a free State . . . ."  While most people would agree that the Second Amendment is not a model of clarity, and the clauses appear to run together, the first half of the text must mean something.  Any interpretation that pretends that it does not exist is flawed.

 Additionally, to the Court's knowledge, there is no other provision of the Constitution for which the Supreme Court has mandated this mode of analysis: that any federal or state regulation of firearms possession that does not have an historical analogue dating to 1787 is unconstitutional.  Federal courts do not construe the First, Fourth, Fifth, or Sixth Amendments this way.  When federal judges apply "time, place and manner" analysis to First Amendment restrictions, we do so in the context of the present, not more than 200 years in the past.  There

3

was no Exclusionary Rule for evidence obtained in violation of the Fourth and Fifth Amendments in 1787. And, in 1787, the Sixth Amendment Right to Counsel did not mean what it stands for today: that if a person charged with a felony could not afford a qualified lawyer the state or federal government had to provide one at taxpayer expense.

Simply put, the country is completely different today from what it was in 1787. Today, most Americans live in crowded cities, not on farms or on the frontier. Today, we have police officers who carry guns to protect us, and most of us who eat meat buy it in the grocery store. In 1787, nearly everyone needed a gun to hunt and to protect themselves and their families. And in 1787, the weapons were single-shot affairs which took a great deal of time to load and fire. Today, we have military-styled, fully automatic weapons capable of firing more than 500 rounds per minute.

That being said, the Court must follow Supreme Court holdings. Johnson is not correct for the following reasons. First, the *Bruen* decision struck down a New York law requiring a law-abiding citizen to show "proper cause" before obtaining a license to carry a concealed weapon. *Bruen*, 597 U.S. at 11, 71. The Supreme Court held that if a statute infringes upon an individual's Second Amendment rights, the government must demonstrate that the law is consistent with the Second Amendment's text and historical understanding. *Id.* at 17. But *Bruen* recognized that states may require applications and background checks to ensure that those who carry guns "are, in fact, law-abiding responsible citizens." *Id.* at 38, n.9. Thus, it does not appear that the *Bruen* court would have found a statute, such as §922(g)(1), unconstitutional when it prevents non law-abiding citizens from bearing arms. *See United States v. Burgess*, 2023 U.S. App. LEXIS 873, at *14 (6th Cir. Jan. 13, 2023).

4

Second, the Supreme Court's recent decision in *U.S. v. Rahimi* modified *Bruen*. *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Now, it is only necessary to show that there was a regulation during the Founding period of a similar nature as the present one at issue. *Id.* at *16 ("A court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit . . ." (citation omitted)). For example, the Founders deemed that certain categories of persons were too dangerous or unstable to possess firearms, such as "Black people, whether free or enslaved."[2] The fact that these exact prohibitions would be unconstitutional today misses the point. *Rahimi*, 144 S. Ct. at *16 ("the Second Amendment permits more than just those regulations identical to ones that could be found in 1791"). The felon in possession statute is "relevantly similar" to historical regulations in that Congress has deemed that convicted felons are too dangerous to possess firearms.

Plus, there is dicta in most of the Supreme Court cases that the felon in possession statute is constitutional. *See e.g., Rahimi* at *27 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 627 n.26 (2008) ("our [*Heller*] opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful'")); *Bruen* at 81 (quoting *Heller*, 554 U.S. at 627, n.26 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . .")). And all Sixth Circuit cases have said so. *See e.g.*, *United States v. Goolsby*, 2022 U.S. App. LEXIS 6096, at *3 (6th Cir. Mar. 7, 2022); *Stimmel v. Sessions*, 879 F.3d 198, 203 (6th Cir. 2018); *United States v. Swaggerty*, 2017 U.S. App. LEXIS 20656, at *2 (6th Cir. Oct. 18, 2017) (citing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010); *United States v. Whisnant*, 391

---

[2] Adam Winkler, *Racist Gun Laws and the Second Amendment*, 135 Harv. L. Rev. 537 (2022) ("The founding generation that wrote the Second Amendment had racist gun laws, including prohibitions on the possession or carrying of firearms by Black people, whether free or enslaved.") (Citation omitted).

5

F. App'x 426, 430 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507-08 (6th Cir. 2010); *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008)).

Third, the government filed a compelling historical discussion of how the country has consistently disarmed citizens who were deemed not law abiding or responsible. ECF Doc. 18, PageID# 111-30. Thus, even if the actual language of *Bruen* did not except non law-abiding individuals from Second Amendment protection, a historical analysis would do so. The government cited numerous historical examples of the government abridging Second Amendment rights from non-law-abiding citizens without running afoul of the Constitution.

Johnson's as applied challenge fails because the felon in possession statute is clearly constitutional for someone such as Johnson with a history of violence. Johnson has been convicted of drug trafficking with a firearm specification and drug possession while carrying a concealed weapon.

Johnson cites to numerous district court opinions from across the country that have dismissed 18 U.S.C. § 922(g)(1) charges since *Bruen*, but none from the Sixth Circuit. ECF Doc. 17, PageID# 89. Yet, several district courts in the Sixth Circuit have upheld § 922(g)(1)'s constitutionality and denied similar motions to dismiss. *See e.g.*, *United States v. Frazier*, 2023 U.S. Dist. LEXIS 213701 (W.D. Tenn., Nov. 8, 2023) (citing *United States v. Gleaves*, 654 F. Supp. 3d 646 (M.D. Tenn. 2023)); *United States v. Taylor*, 2023 U.S. Dist. LEXIS 15973 (E.D. Ky. Jan. 31, 2023); *United States v. Goins*, 647 F. Supp. 3d 538 (E.D. Ky. 2022). In sum, these cases align both with *Bruen* and Sixth Circuit precedent in finding that 18 U.S.C. § 922(g)(1) is constitutional under the Second Amendment and as applied to the Defendant.

Finally, Johnson's argument under Ohio Revised Code § 2923.14 also fails. There is no evidence before the Court that Johnson has applied for relief under this state law, let alone that

6

an Ohio court has restored Johnson's right to possess a firearm. Johnson does not contest that he was convicted of a crime punishable by imprisonment for more than one year. Instead, he contends that he is an "eligible applicant" to have his firearm possession disability removed under Ohio Revised Code § 2923.14. Absent something more, Johnson's argument is speculative and insufficient to dismiss Count 1. *See Schlairet v. United States*, 1993 U.S. App. LEXIS 17674, at *3 (6th Cir. July 6, 1993) ("In cases involving convictions under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon, the district court must examine state law to determine whether the state has restored felons to their full civil rights, including allowing them to possess firearms.") (citation omitted). In other words, "unless [Defendant] is relieved from disability as provided by § 2923.14, a convicted felon cannot acquire a firearm." *Id.* (citing *United States v. Cassidy*, 899 F.2d 543, 550 n.15 (6th Cir. 1990)). Accordingly, Johnson's argument fails.

## Conclusion

For the foregoing reasons, the Court <u>DENIES</u> Defendant's motion to dismiss indictment. IT IS SO ORDERED.

Date: July 22, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge